UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

HEADWATERS, INC.,
a Massachusetts corporation,

    Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

    Defendants.

Case No.: 1:21-cv-03987

Hon. Tomas M. Durkin
Magistrate Young B. Kim

## COMPLAINT AND DEMAND FOR JURY TRIAL

For this Complaint and Demand for Jury Trial in this matter, Plaintiff Headwaters, Inc. alleges as follows:

### PARTIES

1. Plaintiff Headwaters, Inc. ("Headwaters") is a corporation organized under the laws of the State of Massachusetts with its principal place of business at 134 Pleasant Street, Marblehead, MA 01945.

2. Upon information and belief, the partnerships and unincorporated associations identified on Schedule A ("Defendants") are residents of the People's Republic of China.

### JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because each of the Defendants specifically targets business activities toward consumers in the United Sates, including in Illinois, through the operation of fully interactive e-commerce stores that operate under the seller usernames (the "Seller Usernames") identified in the attached Schedule A. Specifically, the Defendants have targeted residents of the State of Illinois by creating and advertising e-commerce stores to Illinois residents, offering goods to residents of the State of Illinois through those e-commerce stores, and manufacturing, selling, and shipping goods to residents of the State of Illinois that infringe upon Headwaters' patent rights. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Headwaters substantial injury in the State of Illinois.

**INTRODUCTION**

5. Headwaters has filed this action to stop the widescale infringement of its patent rights and to stop Defendants from making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use unauthorized and unlicensed products, specifically, air purifiers that infringe upon Headwaters' utility patent, U.S. Patent No. 6,919,053 (the "'053 Patent"), a copy of which is attached as **Exhibit 1**, referred to as the "Infringing Products". The Defendants have created e-commerce stores and have utilized third party e-commerce platforms, such as Amazon.com, to make, use, offer for sale, sell, advertise and/or otherwise deal with, and/or import into the United States for the subsequent sale or use the Infringing Products. These ecommerce stores utilize similar names and advertise, offer for sale and/or sell similar products, which ties them together and that suggests that Defendants are operating under a common scheme and that the claims asserted in this case arise out of the same transaction, occurrence, or series of occurrences.

## STATEMENT OF FACTS

### Plaintiff's Business

6. Headwaters is a corporation organized under the laws of the State of Massachusetts with its principal place of business at 134 Pleasant Street, Marblehead, MA 01945.

7. Headwaters is well and favorably known throughout the United States as a developer and retailer of personal air purifiers sold under the AIRTAMER trademark, and Headwaters have been substantially, continuously and extensively marketed worldwide its AirTamer products.

8. Headwaters' AirTamer products are wearable personal battery-operated air purifiers that utilize negative ions and electrostatic purification to clean the air of pollutants around an individual's head.

9. Headwaters sells its products through its own website at https://www.airtamer.com and through third party retailers such as Amazon.com and Walmart.com.

10. Headwaters' AirTamer products are known for their patented design, structure, composition, and/or function, which uses a portable, low power, battery-operated ion generator that is worn in the form of a pendant necklace and can be operated with a standard coin cell or rechargeable battery.

11. More specifically, Headwaters' AirTamer products utilize a conductive lanyard whereby the body becomes electrically connected to the device's electrical circuit to serve as a counter-electrode to induce emission of ions by the ion-emitter contained within the device.

12. Headwaters is the lawful assignee of all rights, titles, and interest in and to, and has obtained patent protection of the '053 Patent for the invention "Portable ion Generator and Dust Collector" which is registered with the United States Patent and Trademark Office.

**The Defendants**

13. Defendants are individuals and business entities who own and operate one or more of the e-commerce stores identified in Schedule A and other sellers who are not yet known to Headwaters.

14. Defendants are believed to reside in or operate from the People's Republic of China and manufacture and distribute their products from the People's Republic of China.

15. Upon information and belief, and based on private investigative reports performed by contractors for Headwaters, Defendants are located within the People's Republic of China.

16. Upon information and belief, Defendants either individually or jointly operated one or more of the e-commerce stores under the Seller Usernames identified in Schedule A. Defendants have attempted to conceal their identities and the scope of their counterfeiting operations to make it virtually impossible for Headwaters to learn their true identities and the interconnectedness of their network.

**DEFENDANTS' INFRINGEMENT**

17. Headwaters has not assigned or licensed the '053 Patent to anyone, including Defendants.

18. The Defendants manufacture, advertise, offer to sell, and sell the Infringing Products titled "AirDinbor" under the following model numbers: AD001, AD002, and ADP02.

19. The Infringing Products infringe one or more claims of the '053 Patent.

20. Specifically, and not by way of limitation, the Infringing Products infringe independent claims 5 and 17, and dependent claim 6, of the '053 Patent.

21. Headwaters has identified a number of e-commerce stores, including those operating under the Seller Usernames, which have advertised, offered for sale or sold Infringing Products to consumers in the State of Illinois and throughout the United States.

22. The third-party service providers utilized by the Defendants do not adequately require sellers to confirm their identities, which allows infringers to use false or obscured names and addresses.

23. These third-party online commerce platforms often allow sellers to have many different profiles under a number of false or obscured names that allow the sellers to appear unrelated even though the Defendants' e-commerce stores are believed to be commonly owned and operated with their products being sourced from the same places.

24. Defendants have created e-commerce stores and have listed their Infringing Products for sale on e-commerce platforms that target sales to Illinois residents.

25. Defendants' e-commerce stores and listings offer to ship Infringing Products into the State of Illinois.

26. Upon information and belief, Defendants have sold and shipped Infringing Products to individuals located within the State of Illinois.

27. Defendants deal and/or sell identical and/or highly similar Infringing Products by way of using a variety of Seller Usernames and/or by utilizing similar and/or the same advertising techniques and marketing materials across their e-commerce stores and their listings on e-commerce platforms.

28. Defendants' e-commerce stores accept payment in US Dollars via Google Pay, PayPal, and via credit card through the Amazon.com platform.

29. Upon information and belief, Defendants have utilized false, inaccurate, misleading, or incomplete contact information when creating the accounts associated with the Seller Usernames without the consent and/or authority of Headwaters and/or fraudulently to obfuscate their infringement scheme from the e-commerce platforms through which they deal and/or sell their Infringing Products to the consuming public.

30. Even though Defendants operate under multiple usernames and accounts, the e-commerce stores and Seller Usernames set out in Schedule A share common identifiers, such as the sale of identical products, the use of identical or similar marketing copy, the use of identical product photographs, and the acceptance of similar methods of payments.

31. Through various test buys and the research conducted by a team of private investigators who were personally situated within the People's Republic of China, Headwaters believes that the Infringing Products sold by Defendants are manufactured in the same location and that Defendants are believed to be directly related to the manufacturer of the Infringing Products.

32. Upon information and belief, Defendants are in regular communication with each other and share tactics for avoiding detection and litigation.

33. Upon information and belief, Defendants operate under the Seller Usernames so that they can continue operating despite Headwaters' enforcement efforts. Specifically, upon information and belief, Defendants receive payments from US consumers through their US-based payment accounts and then quickly transfer the money received to other overseas bank

accounts to avoid the seizure of their accounts due to their infringing activities by the relevant authorities and to avoid the payment of any monetary judgment rendered in litigation.

34. Headwaters, through counsel, has previously issued demand letters to several of the Defendants presumed contact information, notifying them of their infringement, and those warnings have gone unheeded.

35. Defendants' infringement of the '053 Patent in making, using, offering for sale, advertising and/or otherwise dealing with, selling, and/or importing the Infringing Products into the United States is willful.

36. Defendants' infringement of the '053 Patent in connection with the making, using, offering for sale, advertising and/or otherwise dealing with, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products, including the making, using, offering for sale, advertise and/or otherwise deal with, selling, and/or importing into the United States for subsequent sale or use of Infringing Products into the State of Illinois, is irreparably harming Headwaters.

## COUNT I
## PATENT INFRINGEMENT OF THE '053 PATENT
## UNDER 35 U.S.C. § 271

37. Plaintiff incorporates by reference each and every one of the preceding allegations as if set forth fully herein.

38. Defendants manufacture, use, offer to sell, sell advertise and/or otherwise deal with air purifier products that embody the invention claimed in Plaintiff's '053 Patent and continue to do so.

39. The foregoing activities constitute infringement of the '053 Patent in violation of 35 U.S.C. § 271 and Defendants will continue to infringe the '053 Patent until enjoined by this Court.

40. Defendants have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

41. As a result of Defendants' actions, Plaintiff has suffered damages.

42. This is an exceptional case as that term is defined by 35 U.S.C. § 285.

### COUNT II
### WILLFUL PATENT INFRINGEMENT OF THE '053 PATENT
### UNDER 35 U.S.C. § 271

43. Plaintiff incorporates by reference each and every one of the preceding allegations as if set forth fully herein.

44. Defendants manufactured, used, offered to sell, advertised and/or otherwise dealt with and sold air purifiers that embody the invention of the Plaintiff's '053 Patent.

45. The foregoing activities constitute infringement of the '053 Patent in violation of 35 U.S.C. § 271 and Defendants will continue to infringe the '053 Patent until enjoined by this Court.

46. Defendants have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

47. Defendants' infringement has been willful by making, using, selling, advertise and/or otherwise deal with, or offering to sell air purifiers that embody the invention of Plaintiff's '053 Patent with knowledge that their conduct was an infringement of Plaintiff's '053 Patent.

48. As a result of Defendants' willful infringement, Plaintiff has suffered damages.

49. This is an exceptional case as that term is defined by 35 U.S.C. § 285.

**REQUEST FOR RELIEF**

Plaintiff respectfully requests this Honorable Court:

A. Permanently enjoin Defendants and their officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive actual notice of the Order, from infringing the '053 Patent and manufacturing, selling, offering to sell, or using the products that infringe the '053 Patent;

B. Award Plaintiff monetary damages adequate to compensate Plaintiff for past infringement consistent with Defendants' profits on its sale of infringing air purifier products pursuant to 35 U.S.C. § 289 but not less than a reasonable royalty under 35 U.S.C. § 284;

C. Treble the amount of damages assessed in view of the willful infringement by Defendants, together with costs and prejudgment interest;

D. Award Plaintiff its reasonable attorney fees pursuant to 35 U.S.C. § 285; and

E. Award all other relief this Court deems appropriate.

Respectfully submitted,

Date: July 27, 2021    Headwaters, Inc.

/s/ Amanda Osorio

Amanda Osorio

John Di Giacomo
Eric Misterovich
*Attorneys for Plaintiff*
Revision Legal, PLLC
444 Cass St., Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Fax: (231) 714-0200
john@revisionlegal.com
eric@revisionlegal.com

amanda@revisionlegal.com

# **JURY DEMAND**

Plaintiff hereby requests a trial by jury for all eligible counts contained within this Complaint.

Respectfully submitted,

Date: July 27, 2021                                    Headwaters, Inc.

                                                                         /s/ Amanda Osorio

Amanda Osorio

                                                                         John Di Giacomo
*Attorneys for Plaintiff*
Revision Legal, PLLC
444 Cass St., Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Fax: (231) 714-0200
john@revisionlegal.com
eric@revisionlegal.com
amanda@revisionlegal.com